**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

**GREGORY WAYNE PARRISH,**

**Plaintiff,**

**v.**                    **607CV071**

**FORD MOTOR COMPANY,**

**Defendant.**

# O R D E R

In 2007, this Court granted plaintiff Gregory Wayne Parrish's motion to voluntarily dismiss without prejudice his products liability action (case no. 605CV116) against Ford Motor Company ("Ford"), in which he had alleged that a defective airbag in his Ford vehicle had failed to deploy during an accident, resulting in enhancement of his injuries. *Parrish v. Ford Motor Co.*, 2007 WL 1231707 (S.D. Ga. 4/25/07). In granting the voluntary dismissal, however, the Court placed a condition on his ability to recommence his lawsuit:

> Because Ford is entitled to its attorney's fees and costs from this action, Gregory Wayne Parrish is enjoined from proceeding past the refiling-stage of the next action that he files on this subject matter – unless and until the next court resolves the fee/cost petition that Ford may file in response to Parrish's next Complaint.

*Id.*

Several months later, Parrish filed this case, asserting the same claim. Doc. # 1 ¶ 6. The Court permitted Parrish to serve Ford with the Complaint, automatically stayed the case upon service of Ford (equating proof of service upon Ford as a Ford Motion to Dismiss for failure to pay the 605CV116 costs), and directed counsel for both parties to

confer and resolve the cost issue before proceeding further. Doc. # 6. The Court explained that if the parties could not resolve the cost issue on their own, Ford could move the Court for an award of costs, and if Parrish did not pay the amount ordered by the Court within 20 days, the newly-filed case would be dismissed with prejudice pursuant to F.R.Civ.P. 41(b) and S.D.GA.LOC.R. 41.1(b). Doc. # 6 at 1; *Parrish v. Ford Motor Co.*, 2008 WL 2944645 at *1 (S.D. Ga. 5/21/08) (unpublished).

After the parties failed to resolve the cost issue on their own, Parrish moved the Court for leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a), claiming indigency. Doc. # 9. Ford opposed the IFP motion and moved to dismiss his case. Doc. ## 11, 12. Based on the logic that granting the IFP motion would have been futile since Parrish, if found to be a pauper, would not be able to pay any reasonable amount of fees claimed by Ford, the Court dismissed Parrish's case without prejudice. Doc. # 15. Parrish appealed, doc. # 17, and the Eleventh Circuit vacated the dismissal and remanded the case, directing the Court to rule on the IFP motion, assess the fees and costs due to Ford, give Parrish an opportunity to pay those amounts, and ultimately "resolve the costs and fees issue in a manner that does not prejudice Ford or Parrish." *Parrish v. Ford Motor Co.*, 2008 WL 4809220 at *4-6 (11th Cir. 10/31/08) (unpublished). The Eleventh Circuit instructed that the District Court, in making its assessment, give due consideration to the reasoning set forth in *McCants v. Ford Motor Co.*, 781 F.2d 855 (11th Cir. 1986), where the Eleventh Circuit stated: "Where a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit," *id.* at 860. *Parrish*, 2008 WL 4809220 at *4.

Accordingly, on 12/8/08, this Court ordered defendant Ford to show the costs and fees to which it claimed it was entitled, taking into consideration the *McCants* analysis set forth by the Eleventh Circuit. Doc. # 31 at 5. Pursuant to that Order, Ford filed its motion for fees and expenses, asserting that Parrish owed it $68,577.63. Doc. # 32. Ford asserted that, in reaching this figure, it had "remove[d] from the total fee bill fees [and costs] incurred in performance of work that could be used in the newly filed litigation, and would not need to be repeated." Doc. # 32-2 at 3-4. Ford provided a list of the types of work it would and would not need to repeat, and the estimated total cost of the work it alleged was reusable. *Id.* Ford also attached an affidavit signed by its attorney, describing how the stated amounts (i.e., total fees and expenses incurred, total reduction amount for reusable work) were computed. Doc. # 32-4.

In his response in opposition, Parrish objects to Ford's submission of a "lump sum," and urges that Ford be ordered to provide an itemized bill so that Parrish can "tell how much was charged for the work that plaintiff Parrish contends would be reusable in this case." Doc. # 34 at 2.

While Ford certainly could have delineated its fees and costs with greater precision, the Court, nonetheless, finds the explanation that Ford provided to be sufficient and thus ***GRANTS*** Ford's motion, doc. # 32, and awards Ford $68,577.63 in attorney's fees and expenses. Parrish shall pay the award within twenty (20) days. Upon Parrish's timely payment, the stay of the case (which was entered automatically upon service of Ford, *see* doc. # 6 at 1) will be lifted and the case will proceed. If, however, Parrish fails to timely pay the full sum, his case will be dismissed.

Additionally, as Parrish has sworn that he is indigent and living on workers compensation payments, the Court ***GRANTS*** his Motion for Leave to Proceed *In Forma Pauperis.* Doc. # 9.

This day of 24 June 2009.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA